UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

---

TIGER CENTER FOR APPLIED BEHAVIOR
ANALYSIS SERVICES, LLC

        Plaintiffs,        Case No. 2:23-cv-01540-PP

  v.        Honorable Pamela Pepper
        Magistrate Judge William E. Duffin

MARQUETTE UNIVERSITY

        Defendants.

---

## RULE 26(f) JOINT REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and in compliance with the Court's scheduling conference notice, the parties hereby submit the following joint report. A conference was held by telephone, pursuant to Fed. R. Civ. P. 26(f), on August 4, 2025.

**1.**     **Nature of the Case.**

    a.   Attorneys of Record

        Attorneys for the Plaintiff:

        Douglas W. Rose
        Jennifer G. Baumann
        Kaitlynn E. Ebben
        The Rose Group, S.C.
        1134 N. 9th Street, Suite 220
        Milwaukee, WI 53233

        Attorneys for Defendant:

        John A. Haase
        Paul F. Heaton
        Mark Thomson
        Godfrey & Kahn, S.C.
        833 E. Michigan St., Suite 1800
        Milwaukee, WI 53202

        Anthony J. Anzelmo
        Michael Thomas Raupp

Mary E. Deweese
Katherine M. Tierney
Husch Blackwell, LLP
511 N. Broadway, Suite 1100
Milwaukee, WI 53202

b. Nature of the Claims Asserted

This action arises out of a dispute between Marquette University and a member of its faculty, Associate Professor Jeffrey Tiger, as well as an entity owned and operated by Dr. Tiger, Tiger Center for Applied Behavior Analysis Services, LLC, nka Timshel Therapies, LLC. This case involves a single claim of tortious interference alleged by the Plaintiff, the Tiger Center for Applied Behavior Analysis Services, LLC (the "Plaintiff" or "Tiger Center") against the Defendant, Marquette University ("Marquette"). Specifically, the Tiger Center operated a behavior analysis center at Marquette and employed various Marquette students in conjunction with these services. The Tiger Center alleges that Marquette tortiously interfered with its contracts with these employees when it purportedly prevented students from working at the Tiger Center.

Plaintiff alleges Marquette "intentionally interfered with contracts with Marquette students employed by Tiger Center outside of any class or practicum placement by discouraging such employment and/or contacting these individuals and informing them they were no longer permitted to work for Tiger Center." Plaintiff contends that Marquette sent various communications, the full extent of which is currently unknown, to students and faculty containing multiple misrepresentations about the Tiger Center and inducing these students to terminate employment with the Tiger Center or otherwise not associate with the Tiger Center.

Marquette denies that it sent "any communications" to students and faculty containing misrepresentations. The Amended Complaint identifies an email message dated September 1, 2022 in support of Plaintiff's intentional interference claim. Marquette contends that these

communications, including the September 1, 2022 email to the graduate students, contained no misrepresentations, and thus were truthful or, at the very least, "substantially true," and that the "substantial truth" of statements forming the basis for a tortious interference claim is an absolute defense. Marquette further contends that even if the university had conveyed any misstatements in this or any surrounding communications, there is no causal nexus between the alleged misrepresentations and the students' termination of their at-will relationships with Tiger Center.

Marquette further contends that the university's challenged interference with Tiger Center's relationships with the graduate students was neither "improper" nor "unjustified," and that the September 1, 2022 email and any other communications relating to the Tiger Center are subject to multiple additional privileges defeating Tiger Center's tortious interference claim. Marquette disputes Plaintiff's conclusory and unsupported allegations of improper motive, moreover, as demonstrated by the objectively reasonable grounds for the university's concerns.

Finally, Marquette contends its direct interests and involvement in the relationships between Tiger Center and Marquette's graduate students working at the clinic precludes its status as a "third party" otherwise subject to potential liability for tortious interference, and that as a third-party beneficiary of the contractual relationships between Tiger Center and these students, Marquette is immune from liability.

2. **Jurisdiction.**

Jurisdiction is disputed and subject to a pending Motion to Remand filed with this Court. The Plaintiff maintains that this Court should not exercise supplemental jurisdiction over this lawsuit because it involves a single state law claim and no federal claims. The Defendant alleges that supplemental jurisdiction remains proper under 28 U.S.C. § 1367(a) and (c).

3. **Possibility of Prompt Resolution or Settlement.**

The parties attempted early mediation, which was not successful. However, the parties intend to continue to address the possibility of settlement after some discovery has occurred.

4. **Initial Disclosures Under Rule 26(a).**

The parties will exchange initial disclosures within thirty (30) days of this Court's ruling on the pending Motion for Remand.

5. **Electronic Discovery.**

The parties will meet and confer and agree upon terms for the disclosure of any electronically stored information prior to the production of any such information.

6. **Preserving Discoverable Information.**

The parties agree to make any and all necessary efforts to preserve all discoverable information. To the extent necessary, the parties will discuss and jointly agree to a Protective Order governing the confidentiality, disclosure, use, and disposal of information exchanged between the parties during the course of discovery.

7. **Amending Pleadings.**

The parties do not anticipate amending their pleadings.

8. **Proposed Discovery Plan.**

    (a) Subjects on which discovery may be needed:

        i. Liability,

        ii. Damages, and

        iii. All subjects reasonably related to the pleadings.

    (b) The parties anticipate that discovery may include requests for admission, written interrogatories, requests for production of documents, and depositions of lay and expert witnesses. The parties agree to begin discovery with fact-witness and

4

Case 2:23-cv-01540-PP     Filed 08/15/25     Page 4 of 8     Document 40

written discovery concerning liability before engaging in discovery predominantly relating to damages or experts.

(c) The parties estimate that discovery will be completed within eight (8) months of this Court's order resolving the pending Motion to Remand.

(d) The parties agree that the timing, extent, and limitations on discovery shall be those set forth in the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Wisconsin, and the Court's customary Scheduling Order. The parties disagree regarding when discovery may commence. The Defendant proposes that discovery should commence immediately for the following reasons: (1) the Plaintiff has initiated this lawsuit and should be prepared to participate in the discovery process; (2) whether the case is remanded to state court or remains in federal court, the discovery requests will be the same and not result in any duplication of effort as the claims, alleged facts, and defenses remain the same regardless of venue; and (3) postponing discovery does not result in any increased efficiencies and only serves to further the delay the ultimate resolution of this matter. The Plaintiff proposes that discovery be stayed pending resolution of the Motion to Remand and have filed a separate Expedited Motion to Stay pursuant to Local Rule 7(h). The Plaintiff believes that commencing discovery before resolving jurisdictional issues is improper and will result in duplication of efforts and unnecessary consumption of federal court resources resolving any discovery disputes or procedural issues such as protective orders, ESI disputes, motions to compel, or other discovery related matters. Moreover, this Court's resolution of those issues and scheduling may be inconsistent with that of

Wisconsin State courts who may ultimately preside over this case. Finally, because this case is still at its inception, there is no prejudice that would occur from a stay. As a result, the Plaintiffs do not believe that proceeding with discovery before the jurisdictional Motion to Remand is warranted.

(e) The parties jointly request the entry of orders as follows:

| Event | Proposed Date |
|---|---|
| Rule 26 Initial Disclosure Deadline | Within thirty (30) days of this Court's ruling on the pending Motion to Remand. |
| Deadline for Motions Directed to the Pleadings | Within thirty (30) days of the close of discovery. |
| Plaintiff's Expert Witness Disclosures | Ninety (90) days after this Court rules on any dispositive motion. |
| Defendant's Expert Witness Disclosures | One Hundred Twenty (150) days after this Court rules on any dispositive. |
| Discovery Deadline | Eight (8) months from this Court's ruling on the pending Motion to Remand. |
| Dispositive Motions Filing Deadline | Thirty (30) days from the close of discovery. |
| Trial | On or about twelve (12) months from this Court's ruling on the Motion for Remand. |

9. **Motions Contemplated.**

While the Parties agree on the above-noted deadline for dispositive motions, the Defendant intends to pursue an early dispositive motion on the narrow issue of the substantial truth of its challenged statements and reserves its right to separately move for summary judgement on other grounds within the above-stated deadline.

The Plaintiff opposes any early dispositive motion practice in this matter.

10. **Readiness and Estimated Length of Trial.**

6

The parties believe that they will be ready for trial shortly after the resolution of dispositive motions. The parties estimate that a trial will last approximately five (5) days.

**11. Jury Trial Requested.**

A jury trial has been demanded for all triable issues.

**12.     Claims of Privilege or Protection.**

The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502. The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in any this or any other federal or state proceeding.

**13.     Statement of the Parties Conferring.**

The parties have conferred regarding the above topics.

**14.     Other Matters.**

Other than the Plaintiff's pending motions, the parties are not aware at this time of any other matters that may affect the scheduling of this case.

Dated: August 15, 2025                Respectfully submitted,


                                      **THE ROSE GROUP, S.C.**
                                      *Attorneys for the Plaintiff*


                                      By: */s/ Jennifer G. Baumann*
                                      Douglas W. Rose
                                      WI State Bar No. 1017205
                                      Jennifer G. Baumann
                                      WI State Bar No. 1034916
                                      Kaitlynn E. Ebben
                                      WI State Bar No. 1112777
                                      1134 N. 9th Street, Suite 220
                                      Milwaukee, WI 53233
                                      Phone: (414) 274-1400
                                      Fax: (844) 273-1311
                                      Email: dwr@rosegrouplaw.com
                                              jgb@rosegrouplaw.com
                                              kee@rosegrouplaw.com


                                      **GODFREY & KAHN, S.C.**
                                      *Attorneys for the Defendant*


                                      By: */s/John A. Haase*
                                      John A. Haase
                                      WI State Bar No. 1027536
                                      Paul F. Heaton
                                      WI State Bar No. 1000858
                                      833 E Michigan St., Suite 1800
                                      Milwaukee, WI 53202
                                      Phone: (414)273-3500
                                      Fax: (414)273-5198
                                      Email: jhaase@gklaw.com
                                              pheaton@gklaw.com

36296328.1