UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TIGER CENTER FOR APPLIED BEHAVIOR
ANALYSIS SERVICES, LLC,

                Plaintiff,

                                            Case No. 23-cv-1540-pp

  v.

MARQUETTE UNIVERSITY,

                Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. NO. 37), DENYING AS MOOT PLAINTIFF'S MOTION TO STAY DISCOVERY (DKT. NO. 39) AND REMANDING CASE TO MILWUAKEE COUNTY CIRCUIT COURT**

---

       Before the court are the plaintiff's motions to remand the case to Milwaukee County Circuit Court and to stay discovery pending the court's resolution of the motion to remand. Dkt. Nos. 37, 39. The defendant opposes both motions. Dkt. Nos. 41, 43. Because the court has dismissed the federal claim, the court will grant the plaintiff's motion, relinquish jurisdiction over the remaining state law claim and remand the case.

**I.    Background**

       On October 19, 2023, the plaintiffs filed a complaint in Milwaukee County Circuit Court alleging breach of contract, tortious interference with contract and Title IX retaliation against Marquette University and Dean Heidi Bostic. Dkt. No. 1-1. On November 17, 2023, the defendants removed the case to this court based on federal question jurisdiction, dkt. no. 1, and moved to

1

dismiss the complaint, dkt. no. 5. The plaintiffs filed an amended complaint, dkt. no. 11, and the parties filed a stipulation to dismiss Dean Bostic as a defendant, dkt. no. 12.

The amended complaint alleges that Dr. Jeffrey Tiger is a university professor trained in "behavioral assessment and treatment for individuals with severe challenging behavior." Dkt. No. 11 at ¶¶7, 10. It alleges that Dr. Tiger formed the organizational plaintiff, the Tiger Center for Applied Behavior Analysis Services, to provide training experiences to students enrolled in the University of Wisconsin-Milwaukee's behavior analysis program. Id. at ¶¶11. Beginning in the 2018-2019 academic year, Dr. Tiger and The Tiger Center moved operations to Marquette. Id. at ¶23. The amended complaint alleges that after a student accused Dr. Tiger of sexual harassment and assault, the defendant opened an investigation into Dr. Tiger and the Tiger Center and removed Dr. Tiger as the director of the university's Behavior Analysis Program. Id. at ¶¶46–47, 58–61. The amended complaint alleges that within forty-eight hours of receiving the investigatory panel's report and recommendation, Dean Bostic closed the Tiger Center and told practicum trainees and employees that they could not work or get training there. Id. at ¶¶107, 110. The amended complaint asserts that the Tiger Center remains closed, even though the Title IX investigation did not find evidence of wrongdoing. Id. at ¶124.

The amended complaint asserts four claims. First, the Tiger Center alleges that by closing the Center, the defendant breached its agreement to allow the Tiger Center to operate within the defendant's space for the duration

2

of Dr. Tiger's employment. Id. at ¶¶140–42. Second, the Tiger Center alleges that the defendant tortiously interfered with its contracts with practicum trainees, employees and patients. Id. at ¶¶150–51. Third, Dr. Tiger asserts that the defendant breached his employment contract by initiating disciplinary proceedings and sanctioning him without following proper protocol. Id. at ¶159. Fourth, Dr. Tiger alleges that the defendant retaliated against him for his participation in the Title IX proceedings by disciplining him and closing the Tiger Center. Id. at ¶165.

On January 16, 2024, the only remaining defendant, Marquette University, moved to dismiss the amended complaint for failure to state a claim. Dkt. No. 17. On May 28, 2025, the court held a hearing on that motion. Dkt. No. 26. The court granted the defendant's motion to dismiss the Tiger Center's claim for breach of contract, Dr. Tiger's claim for breach of contract and Dr. Tiger's Title IX retaliation claim. Id. at 1. The court denied the motion as to the Tiger Center's claim for tortious interference with its employee contracts. Id. at 2. The court set deadlines for the defendant to respond to the remaining claim and for the parties to file a joint Rule 26(f) report. Id.

On July 18, 2025, the defendant filed an answer to the single claim remaining from the amended complaint. Dkt. No. 32. The remaining plaintiff then filed a motion to remand the case, arguing that the dismissal of Dr. Tiger's Title IX claim deprived the court of jurisdiction over the remaining state law claim. Dkt. Nos. 37, 38. Shortly after, the plaintiff filed a Rule 7(h) Expedited, Non-Dispositive Motion to stay discovery pending the court's decision on the

3

motion to remand. Dkt. No. 39. As stated above, the defendant opposes both motions. Dkt. Nos. 41, 43.

## II. Motion to Remand

### A. Parties' Arguments

The plaintiff argues that the court should remand after the partial grant of the defendant's motion to dismiss. Dkt. No. 38 at 1. It argues that the defendant removed the case to federal court because Dr. Tiger's Title IX claim gave rise to federal question jurisdiction. Id. at 2. It contends that the court can decline to exercise supplemental jurisdiction over the remaining state law claim if the court has dismissed all the claims over which it has original jurisdiction. Id. at 4 (quoting 28 U.S.C. §1367(c)).

The plaintiff argues that although there are three exceptions to the presumption in favor of remand, none of those exceptions apply here. Id. at 5. It identifies the three exceptions as occurring when "(1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." Id. (citing Sharp Elecs. Corp. v. Metro. Life Ins. Co., 578 F.3d 505, 514–15 (7th Cir. 2009)). The plaintiff asserts that the statute of limitation exception does not apply because this case was originally filed in state court, not federal court. Id. It argues that even if the exception applied, the statute of limitations on the remaining claim has not expired. Id. at 6.

4

The plaintiff argues that the judicial economy exception does not apply because the court has not expended significant resources on the case. Id. at 7. It argues that the case is in the early stages and that the court has expended most of its efforts ruling on the motion to dismiss. Id. at 8. It asserts that at least one Seventh Circuit case approved a district court's refusal to exercise supplemental jurisdiction over state law claims where it had granted a motion to dismiss the only federal claims. Id. (citing Sharp, 578 F.3d at 515).

The plaintiff argues that the third exception does not apply because it is not "absolutely clear" how the state law claim can be decided. Id. at 9. It asserts that retaining jurisdiction over the state law claim is appropriate if the resolution of the claim is "so clear as a matter of state law that it can be determined without further trial proceedings and without entanglement with any difficult issues of state law." Id. (quoting Wright v. Associated Ins. Cos., 29 F.3d 1244, 1252 (7th Cir. 1994)). The plaintiff argues that this exception does not apply because the court already has determined that discovery is needed to resolve the pendant claim, particularly as to the defendant's alleged intent to interfere with the plaintiff's contracts. Id.

The defendant responds that the court has discretion to retain supplemental jurisdiction over the state law claims after dismissing a federal claim. Dkt. No. 43 at 6–7. It argues that the court has no obligation to dismiss claims under §1367(c) on its own motion, so the plaintiff's failure to timely object can constitute waiver of the objection. Id. at 7. The defendant argues that the plaintiff waived its argument by failing to object to the court's

5

continued exercise of jurisdiction during the hearing at which the court dismissed the federal claim. Id. at 7–8. The defendant argues that the plaintiff raised this objection to jurisdiction only after learning of the defendant's intent to pursue an early summary judgment motion. Id. at 8. The defendant attaches a declaration from Ralph Weber, the defendant's general counsel, stating that the plaintiff did not raise any objection to the court's jurisdiction during a settlement discussion that took place after the court's ruling on the motion to dismiss. Dkt. No. 45.

The defendant argues that there is no binding presumption in favor of remand and that relinquishment of supplemental jurisdiction is not mandatory. Dkt. No. 43 at 8–9. It contends this is especially true when a district court's prior rulings have a "preclusive effect" on the remaining claims. Id. at 9. The defendant argues that this court's ruling on the motion to dismiss rejected all but one category of improper conduct alleged in support of the tortious interference claim. Id. The defendant argues that the plaintiff cannot base its tortious interference claims on allegations that the defendant improperly breached its contractual obligations to the plaintiff or by engaging in unlawful retaliation in violation of Title IX because the court has dismissed those claims. Id. at 9–10.

The defendant argues that the court has spent significant time and resources evaluating the claims in this case, so retaining jurisdiction conserves judicial resources. Id. at 10–11. It asserts that other courts have retained supplemental jurisdiction on judicial economy grounds after expending far

6

fewer resources than the court has done in this case. Id. at 11–12. The defendant argues that the court must determine on its own whether its investment of judicial energy justifies retaining jurisdiction, and it says that this calculation cannot be reduced to a simple number of months pending or motions decided. Id. at 12.

The defendant argues that not only do this court's prior rulings have a preclusive effect on the remaining claim, but that the state and federal claims were "so entangled" that the court should retain supplemental jurisdiction to speedily dispose of the remaining claim. Id. at 13 (quoting In re Repository Techs., Inc., 601 F.3d 710, 713–14 (7th Cir. 2010)). It contends that there are "promising grounds" for granting summary judgment on the tortious interference claim, such that it would preserve the court's resources to allow the case to proceed to disposition in this forum. Id. at 13–14. The defendant argues that the factual allegations supporting the remaining claim can be proven false on an early summary judgment motion. Id. at 14–15. It maintains that it has an absolute defense to the plaintiff's tortious interference claim because it did not make any misrepresentations to the plaintiff's employees. Id. at 15. The defendant also argues that the plaintiff intends to appeal the court's ruling on the motion to dismiss. Id. The defendant argues that if the plaintiff successfully appeals the motion to dismiss, the defendant would be subjected to parallel state and federal litigation based on the same set of facts, which would be inefficient. Id. at 15–16.

The plaintiff replies that the defendant has improperly introduced evidence of settlement communications by submitting Weber's declaration with its opposition brief. Dkt. No. 46 at 2. The plaintiff asserts that under Federal Rule of Evidence 408, statements made during settlement negotiations cannot be used in court. Id. It contends that its counsel's prior statements to Weber also are irrelevant to the disposition of the motion to remand because the plaintiff was not required to disclose its legal strategy to the defendant during settlement discussions. Id. at 2–3.

The plaintiff argues that it has not waived its right to request remand. Id. at 3. It asserts that the court's decision not to order remand on its own does not foreclose a later challenge to supplemental jurisdiction, and that there is no deadline for requesting remand in this circumstance. Id. at 3–4. According to the plaintiff, the defendant's cited authority does not support the proposition that a plaintiff can waive its right to seek remand by not bringing the request at the earliest possible moment. Id. at 4.

The plaintiff argues that the court's ruling on the motion to dismiss does not have a preclusive effect. Id. at 5. It contends that a prior ruling may have a preclusive effect only in a case where the court's prior ruling on a federal claim overlaps with an element of the remaining state law claim. Id. at 5–6 (citing Wright, 29 F.3d at 1252–53). The plaintiff argues that here, the court's dismissal of Dr. Tiger's Title IX retaliation claim has no effect on the remaining claim because there is no overlap in the elements of the two claims. Id. at 6. The plaintiff maintains that the court has expended minimal resources on this

8

case even though the case has been pending for two years, so remand would not be a waste of judicial resources. Id. at 8. The plaintiff argues that the remaining state law claim is not "so entangled" with the dismissed federal claim as to justify retaining jurisdiction. Id. The plaintiff asserts that the Tiger Center's tortious interference claim relies on allegations that the defendant discouraged the Center's employees from working for the Center. Id. at 9. According to the plaintiff, this is separate and distinct from the defendant's treatment of Dr. Tiger during the Title IX investigation. Id.

The plaintiff also argues the court should not consider the impact of a possible summary judgment motion or a future appeal when deciding whether to retain jurisdiction. Id. It contends that the defendant has not completed any of the discovery needed to support a summary judgment motion and that the court has not made any factual findings regarding the remaining claim in this case, so discussing the likelihood of dismissal at summary judgment is premature. Id. at 9–10. It argues that the possibility of appeal has no bearing on a court's decision to retain or relinquish jurisdiction because the possibility of appealing a final judgment always exists. Id. at 10.

  B. Legal Standard

On a motion to remand, all doubt is resolved in favor of remand. Paldrmic v. Altria Corp. Servs., Inc., 327 F. Supp. 2d 959, 963 (E.D. Wis. 2004) (citing Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999)). The statute governing the remand procedure that applies after a case is removed to federal court—28 U.S.C.

9

§1447—"sets up two categories of reasons for remand: a 'defect in the removal procedure' and the absence of subject matter jurisdiction." Matter of Continental Cas. Co., 29 F.3d 292, 293 (7th Cir. 1994) (quoting Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723 (1977)). A federal court must remand a case if, at any time before final judgment, it appears that the court lacks subject-matter jurisdiction. 28 U.S.C. §1447(c).

A district court has subject-matter jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). But "[t]he supplemental-jurisdiction statute provides that the district court 'may decline to exercise supplemental jurisdiction' over state-law claims if the court 'has dismissed all claims over which it has original jurisdiction.'" RWJ Mgmt. Co. v. BP Prods. N. Am., Inc., 672 F.3d 476, 479 (7th Cir. 2012) (quoting 28 U.S.C. §1367(c)(3)). "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." Al's Serv. Ctr. v. BP Prods. N. Am., Inc., 599 F.3d 720, 727 (7th Cir. 2010). The Seventh Circuit has stated that that presumption may be rebutted in cases where:

> (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided.

10

Case 2:23-cv-01540-PP   Filed 11/05/25   Page 10 of 15   Document 50

Sharp, 578 F.3d at 514–15. A district court's decision to relinquish supplemental jurisdiction is "entitled to substantial deference" and will be reversed only in "extraordinary circumstances." RWJ Mgmt., 672 F.3d at 480 (quoting Contreras v. Suncast Corp., 237 F.3d 756, 766 (7th Cir. 2001)).

C. Analysis

The defendant argues that the court should not relinquish jurisdiction because (1) the plaintiff waived its right to seek remand by not raising a timely opposition to the court's continued exercise of jurisdiction, (2) the court's ruling on the motion to dismiss has a preclusive effect on the remaining claim and (3) retaining jurisdiction supports principles of judicial economy.

The plaintiff did not waive its right to seek remand. Although the plaintiff did not raise any jurisdictional issues at the May 28, 2025 hearing on the motion to dismiss, it filed its motion to remand a little over two months later—on August 6, 2025. The defendant cites no binding authority that waiting two months to file a motion to remand is unreasonable or untimely. The defendant cites to Wright and Miller's Federal Practice and Procedure for the proposition that a party can waive a challenge to continued jurisdiction, but a treatise is not binding precedent. The defendant also cites to Myers v. County of Lake, Ind., 30 F.3d 847, 850 (7th Cir. 1994). That case stands for the proposition that the district court has discretion to relinquish or retain supplemental jurisdiction. At most, Myers holds that a party may not raise a challenge to supplemental jurisdiction *on appeal* if no party raised that objection in the district court. Myers does not establish a deadline by which a party must

11

oppose the district court's continued exercise of jurisdiction. Myers even cautions district courts against retaining supplemental jurisdiction, stating that "[a]n imprudent exercise of supplemental jurisdiction injures litigants in other federal cases, for they must wait in a longer queue." Id. And multiple Seventh Circuit cases have approved district courts' decisions to relinquish jurisdiction on the eve of trial, which further suggests there is no time limit for a party to seek remand. See id. at 848 ("[D]ismissal of the federal claim on the eve of trial is not by itself sufficient to justify resolving the remaining claims in federal court."); RWJ Mgmt., 672 F.3d at 481–82 (district court did not abuse its discretion by remanding the case two business days before trial); Olive Can Co., Inc. v. Martin, 906 F.2d 1147, 1153 (7th Cir. 1990) (upholding district court order relinquishing supplemental jurisdiction "just before trial after five years of discovery"). The plaintiff did not waive its right to object to the court's exercise of supplemental jurisdiction by waiting two months to file a motion for remand. And neither the plaintiff's motivations for seeking remand nor its litigation strategy are relevant to determine whether remand is proper.[1]

The defendant's second argument is about the "preclusive effect" of the court's ruling on the motion to dismiss. But there is no exception to the presumption in favor of remand because of the "preclusive effect" of a prior ruling on *part* of a state law claim. The defendant relies on Miller Aviation v.

---

[1] The plaintiff objects to the defendant's submission of Ralph Weber's declaration because it contains references to settlement communications. Although the plaintiff did not file a motion to strike the declaration, the statements in Attorney Weber's declaration are irrelevant to the disposition of the motion and the court has not considered them.

12

Milwaukee Cnty. Bd. of Supervisors, 273 F.3d 722 (7th Cir. 2001), where the Seventh Circuit stated that there is no use remanding a pendant state law claim where the district court's decision on a federal claim is *dispositive* of the pendant state law claim. Id. at 731 (quoting Wright, 29 F.3d at 1251). Wright states that the district court may properly retain jurisdiction where "it is absolutely clear how the pendent claims can be decided." Wright, 29 F.3d at 1251.

In Wright, the Seventh Circuit determined that retaining jurisdiction over the pendent state law claim for intentional interference with a contractual relationship was proper because that claim could be decided only one way. Id. at 1252. An element of the claim was the existence of a legally enforceable contract. Id. When ruling on the plaintiff's §1983 claim, the district court found that Wright did not have a legally enforceable employment contract. Id. The Seventh Circuit determined that retaining jurisdiction of the intentional interference claim was proper because the claim failed as a matter of law due to the absence of a contract. Id.

Here, the case is not so clear-cut. To state a claim for tortious interference with contract under Wisconsin law, a plaintiff must show

> (1) the plaintiff had a contract or a prospective contractual relationship with a third party, (2) the defendant interfered with that relationship, (3) the interference by the defendant was intentional, (4) there was a causal connection between the interference and damages, and (5) the defendant was not justified or privileged to interfere.

Briesemeister v. Lehner, 295 Wis. 2d 429, 452–53 (Wis. Ct. App. 2006) (citation omitted). The court's rulings on the other three claims did not address or

13

impact any of these elements. In its oral ruling on the motion to dismiss, the court stated that "[t]he questions of the defendant's intent to interfere with those contracts and whether that interference was privileged or whether it was improper are questions of fact that I cannot resolve at the pleading stage." Dkt. No. 33 at 45, lines 15–18. The court cited Dorr v. Sacred Heart Hosp., 228 Wis. 2d 425, 457–58 (Wis. Ct. App. 1999), which states that "[g]enerally, intent is a factual issue for the trier of fact, and only when the facts are such that no other reasonable inference may be drawn may the trial court find intent or lack of intent as a matter of law." It is not "absolutely clear" how this claim will be decided. The defendant insists that it can succeed on a summary judgment motion, but whether that is true is not "absolutely clear" at this stage. The court will not retain jurisdiction over the claim on the chance that the defendant can muster a successful argument for summary judgment. Similarly, the court will not consider the possibility of the plaintiff's success on a possible appeal as weighing in favor of retaining jurisdiction; whether the plaintiff successfully appeals (or appeals at all) is speculative.

The defendant's judicial economy argument fares no better. Wright squarely addresses the propriety of retaining jurisdiction when federal claims are dismissed early in the case:

> [R]arely when a case is dismissed on the pleadings can "judicial economy" be a good reason to retain jurisdiction. There was very little federal judicial investment in this case. The defendants filed their motions to dismiss within two months after the case was filed, and the district court granted the motions to dismiss before discovery commenced. At this point, the burden of the state-law claims would be the same for a federal as for a state court. In these

14

circumstances, judicial economy is not served by the district court's retention of jurisdiction.

Wright, 29 F.3d at 1251. Here, although it took several months for the court to rule on the motion to dismiss, the result is the same as in Wright. The court's only substantive ruling was a ruling on a motion challenging the pleadings. The court has not held a scheduling conference or issued a scheduling order, and discovery has not commenced. In this context, considerations of "judicial economy" do not carry the day.

The defendant has not rebutted the presumption that the court should relinquish supplemental jurisdiction over the plaintiff's claim for tortious interference with employee contracts. The court will relinquish jurisdiction over that remaining state law claim and remand the case to state court. The court also will deny as moot the plaintiff's motion to stay discovery pending the resolution of the motion to remand.

### III. Conclusion

The court **GRANTS** the plaintiff's motion to remand, dkt. no. 37, and The court **REMANDS** this case to Milwaukee County Circuit Court.

The court **DENIES AS MOOT** the plaintiff's motion to stay discovery. Dkt. No. 39.

Dated in Milwaukee, Wisconsin this 5th day of November, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**